1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:19-cr-00235 KJM

12              Plaintiff,

13        v.                                **ORDER**

14   RODERICK DARNELL HARRIS,

15              Defendant.

16

17          The government moves for reconsideration of this court's order granting defendant

18   Rodrick Harris's motion to suppress.  Mot., ECF No. 49; Order, ECF No. 45.  The matter is fully

19   briefed.  *See* Opp'n, ECF No 52; Reply, ECF No. 53.  The court heard arguments on September

20   28, 2020 by videoconference.  *See* Minutes, ECF No. 55.  Justin Lee appeared for the United

21   States, and Christina Sinha appeared for defendant.  Having carefully considered the applicable

22   law, the court grants the government's motion.

23   **I.     INTRODUCTION**

24          The court described the history of this case in detail in its previous order, ECF No. 45, so

25   only a brief summary is necessary here.

26          A Fairfield police officer stopped and searched Mr. Harris while he was riding his bike

27   last October.  *Id.* at 2.  Officers said they were looking for an ID; they found a gun.  *Id.* at 7.  Mr.

28   Harris was then charged with possessing a firearm in violation of 18 U.S.C. § 922(g)(1), which

1

1    makes it a crime for people with a previous felony conviction to possess a firearm.

2            Mr. Harris moved to suppress the gun, claiming the officer had no authority to arrest him

3    and therefore no authority to search him without a warrant.  *See generally* Mot., ECF No. 23.  The

4    government argues the officer had authority to arrest Mr. Harris because Harris was riding his

5    bike on the sidewalk.  *See* Order at 9, ECF No. 45.  Doing so is a violation of the Fairfield

6    Municipal Code, an "infraction."  *See id.* at 11–12; Fairfield Mun. Code § 4.9.3.  Under

7    California law, a police officer can indeed arrest someone for riding a bike on the sidewalk, but

8    the officer may take someone into custody for such an infraction only if the person does not have

9    "satisfactory evidence of identity" and refuses to sign a promise to appear or give the officer a

10   thumb or fingerprint.  *See* Cal. Penal Code § 853.5(a).

11           After an evidentiary hearing, the court found Mr. Harris had most likely been riding on the

12   sidewalk, Order at 9–10, ECF No. 45, but it held that California law made a custodial arrest

13   illegal, *see id.* at 11–12 (citing *United States v. Mota*, 982 F.2d 1384, 1386 (9th Cir. 1993), and

14   Cal. Penal Code § 853.5(a)).  This conclusion meant that unless the officer had probable cause to

15   make an arrest on some other basis, the search was unconstitutional and the gun inadmissible.

16   *See id.* at 7–9.  The court rejected two alternative bases not relevant here and thus concluded that

17   the officer had no probable cause for a custodial arrest, which meant that the search violated the

18   Fourth Amendment.  *Id.* at 12–14.  The court granted the motion to suppress.  The government

19   now moves for reconsideration, arguing that reliance on *Mota* and Penal Code § 853.5(a) was

20   clear error.  ECF No. 49.

## II.    LEGAL STANDARD

22           Although the Federal Rules of Criminal Procedure do not expressly authorize motions for

23   reconsideration, the Ninth Circuit has "approved of the judicial economy that results from the

24   pretrial reconsideration of suppression orders by the district court."  *United States v. Rabb*, 752

25   F.2d 1320, 1322 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United*

26   *States*, 483 U.S. 171 (1987).  "No precise 'rule' governs the district court's inherent power to

27   grant or deny a motion to reconsider a prior ruling in a criminal proceeding."  *United States v.*

28   *Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).  It is instead a matter of discretion.  *Id.*

1    That said, the Ninth Circuit's decisions offer guidance.  The Circuit has held that a motion

2    for reconsideration of a "judgment" in a criminal case—that is, for reconsideration of an

3    appealable "final" order such as an order granting a motion to suppress evidence—is governed by

4    Federal Rules of Civil Procedure 59(e) and 60(b).  *See United States v. Martin*, 226 F.3d 1042,

5    1048 & n.8 (9th Cir. 2000) (citing Fed. R. Civ. P. 54); *see also* 18 U.S.C. § 3731.  Rule 59(e) is

6    applicable here because the government moved to reconsider within the twenty-eight-day period

7    allowed by that rule.  A Rule 59(e) motion is "an extraordinary remedy, to be used sparingly in

8    the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*

9    *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted).  Such a motion

10   "should not be granted, absent highly unusual circumstances, unless the district court is presented

11   with newly discovered evidence, committed clear error, or if there is an intervening change in the

12   controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

13   ## III.   DISCUSSION

14   The government argues the court committed clear error when it relied on the Ninth

15   Circuit's decision in *United States v. Mota*, 982 F.2d 1384.  In *Mota*, police had arrested two

16   street vendors selling corn on the cob who admitted they did not have a license. *Id.* at 1385.  The

17   officers searched the two vendors and found counterfeit bills. *Id.*  The vendors moved to suppress

18   the counterfeits, arguing California law did not permit the arrest, and the Ninth Circuit agreed:

19   "state law governing arrests is relevant to assessing the constitutionality of a search incident to

20   that arrest." *Id.* at 1387.  Because California law did not permit custodial arrests for "the

21   infraction of operating without a valid business license," the court held that "a custodial arrest for

22   such an infraction [was] unreasonable, and thus unlawful, under the Fourth Amendment." *Id.* at

23   1388–89.  The court thus suppressed the counterfeit bills. *Id.*

24   Several years after *Mota* was decided, the Supreme Court held that the Fourth

25   Amendment does not forbid police from making warrantless arrests for minor criminal offenses,

26   "such as a misdemeanor seatbelt violation punishable only by a fine." *Atwater v. City of Lago*

27   *Vista*, 532 U.S. 318, 323 (2001).  It expanded that holding in *Virginia v. Moore* when it held that

28   "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable

1    under the Constitution, and that while States are free to regulate such arrests however they desire,

2    state restrictions do not alter the Fourth Amendment's protections."  553 U.S. 164, 176 (2008).

3         The *Atwater* and *Moore* decisions appeared to conflict with the Ninth Circuit's decision in

4    *Mota*, and not long after *Moore* was decided, the Circuit confirmed the Supreme Court had

5    "effectively overruled" its previous decision that "federal courts must determine the

6    reasonableness of the arrest in reference to state law governing the arrest and that state law

7    restrictions on arrest for minor crimes were thus applicable to Fourth Amendment analyses."

8    *Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 956 n.14 (9th Cir. 2010) (quotation marks

9    omitted) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)).  Although the

10   Ninth Circuit did not confirm expressly that *Mota* itself was overruled, it did cite *Bingham v. City*

11   *of Manhattan Beach* to explain its reasoning, *see id.* (citing 341 F.3d 939, 950 (9th Cir. 2003)),

12   and *Bingham* in turn had expressly applied the rule of *Mota*.  *See* 341 F.3d at 950 (citing *Mota*,

13   982 F.2d at 1388).[1]

14        Here, because the officer saw Mr. Harris riding his bike on the sidewalk in violation of the

15   Fairfield Municipal Code, he had probable cause to make an arrest, and the Fourth Amendment

16   was no bar.  Under *Moore*, that is true even though the arrest was illegal under California law, *see*

17   Cal. Penal Code § 853.5(a).  A search was therefore permissible; "police officer[s] may conduct a

18   warrantless search of the arrestee's person and the area 'within [their] immediate control.'"  *Davis*

19   *v. United States*, 564 U.S. 229, 232 (2011) (quoting *Chimel v. California*, 395 U.S. 752, 763

---

[1] Unfortunately, despite the Supreme Court's decision in *Moore* and the Ninth Circuit's holding in *Edgerly*, Ninth Circuit panels have cited *Mota* without noting any conflict, albeit in nonprecedential memorandum dispositions only.  *See United States v. Springfield*, 699 F. App'x 661 (9th Cir. 2017) (unpublished); *United States v. Benton*, 407 F. App'x 218 (9th Cir. 2011) (unpublished).  District courts in the Ninth Circuit have also continued to rely on *Mota* for its abrogated holding that "federal courts must determine the reasonableness of the arrest in reference to state law government the arrest" without noting *Moore* or *Edgerly*.  *Spears v. Arizona Board of Regents*, 372 F. Supp. 3d 893, 919 (D. Ariz., Mar. 7, 2019) (citing *Mota*, 982 F.2d at 1388); *see also Moore v. City of Berkeley*, No. 14-669, 2018 WL 1456628, at*13 (N.D. Cal. Mar. 23, 2018); *United States v. Smith*, No. 16-341, 2017 WL 8941280, at *7 (D. Nevada Mar. 2, 2017); *Zaic v. Giddens*, No. 14- 892, 2016 WL 4483843, at *3 (D. Nevada Aug. 23, 2016); *Wilson v. County of Contra Costa*, No. 14-3491, 2015 WL 2124762, at *5 (N.D. Cal. May 6, 2015); *Krona v. Castillo*, No. 11-315, 2012 WL 555150, at *2 (W.D. Wash. Jan. 23, 2012); *Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1146 n.6 (N.D. Cal. July, 13, 2010).

1   (1969)).

2        Contrary to Mr. Harris's argument, the difference between "crimes" and "offenses" does

3   not permit a distinction between this case and the Supreme Court's decisions in *Moore* and

4   *Atwater*.  *See* Opp'n at 11–12, ECF No. 52.  The officer in *Atwater* did not violate the Fourth

5   Amendment even though the "crime" in question—not buckling a seatbelt—was an extremely

6   minor misdemeanor and punishable by a fine of at most $50.  532 U.S. at 323.  The Ninth

7   Circuit's decision in *Edgerly* forecloses Mr. Harris's argument as well: the "crime" in that case

8   was also just an "infraction" punishable by a fine of only $75.  *See* 599 F.3d at 956 (citing Cal.

9   Penal Code § 602.8(b)).

10       This conclusion, however correct under the applicable law, gives the court no pleasure

11  given the history here.  Defense counsel is justified in complaining of the government's

12  unexplained delay.  Many months have passed and the parties have appeared at multiple hearings

13  since Mr. Harris first made the argument the government now claims provided the original

14  impetus for this motion.  Rule 59(e) is not an excuse to make arguments or present evidence that

15  could have been raised earlier.  *See Kona Enters.*, 229 F.3d at 890.  District courts may therefore

16  decline to consider arguments and evidence "that the government failed to raise . . . in the hearing

17  on the motion," especially when the government gives "no reason for [its] failure to do so."

18  *Lopez-Cruz*, 730 F.3d at 811–12 (affirming denial of government's motion for reconsideration of

19  order suppressing evidence because government could have advanced its evidence and arguments

20  earlier).  Having carefully considered its obligations under the law, the court declines to deny the

21  government's motion on this basis.  Doing so would preserve an order squarely in conflict with

22  Supreme Court precedent, as acknowledged by the Ninth Circuit, by which this court is bound.

23       **IV.   CONCLUSION**

24       In *Atwater*, Justice O'Connor, joined by Justices Stevens, Ginsberg and Breyer, wrote in

25  dissent that the "unbounded discretion" the majority had granted to police carried a "grave

26  potential for abuse."  532 U.S. at 372 (O'Connor, J. dissenting).  The dissenters believed the

27  Court's decision would escalate trifling infractions into arrests, searches, seizures and forfeitures

28  despite the Fourth Amendment's demand "that [police actions] be a reasonable and proportional

5

response to the circumstances of the offense . . . ." *Id.* The majority responded that this "parade of horribles" was speculation—no potential for abuse had "ripened into a reality." *Id.* at 353 n.25. With this case, there is at least one horrible in the parade.

      1. The government's motion for reconsideration, ECF No. 49, is **granted**.

      2. The court's order, ECF No. 45, is **vacated in part** to the extent it is inconsistent with this order.

      2. Defendant's motion to suppress, ECF No. 23, is **denied**.

      IT IS SO ORDERED.

DATED:  October 2, 2020.

CHIEF UNITED STATES DISTRICT JUDGE