UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00235-KJM |
| Plaintiff, | ORDER |
| v. | |
| Roderick Harris, | |
| Defendant. | |

Defendant Roderick Harris moves to revoke the magistrate judge's November 17, 2020 detention order. Mot., ECF No. 66. Mr. Harris awaits trial on one charged violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. The court held a hearing on the motion to revoke with counsel Christina Sinha appearing for defendant, and counsel Justin Lee appearing on behalf of the government. ECF No. 68. While the court allowed the defense to make a supplemental filing to outstanding questions about Mr. Harris's mental health, outstanding warrants, and the existence of alternative housing, the court signaled from the bench that the record at the time of hearing supported denying the motion to revoke detention. *Id.* With this order, the court formally denies the motion, finding that defendant has not proposed conditions to sufficiently mitigate the danger he poses to the community.

/////

**I.    BACKGROUND**

Defendant Roderick Harris was arrested on the federal complaint in this case on December 19, 2019. ECF Nos. 1 & 8. That same day, the duty magistrate judge issued the original detention order after the defense submitted on the sparse information then available, detaining Mr. Harris as a flight risk and on grounds of dangerousness in light of Mr. Harris's prior criminal history, lack of sureties, unverified background information and violations of release conditions in his prior criminal cases. First Detention Order 2–3, ECF No. 9. Mr. Harris has been in custody since. He was arraigned on the indictment now pending against him on December 23, 2019. ECF No. 5.

After extended proceedings on Mr. Harris's motion to suppress, *see, e.g.*, ECF Nos. 23, 24, 39, 44, 45, which the court ultimately denied, ECF Nos. 49, 52, 53, 56, Mr. Harris filed a motion for bail review on November 12, 2020, Am. Mot. for Bail Review, ECF No. 62. He detailed a proposed release plan, whereby he would reside with a friend in a room in Antioch, California, for a month beginning on November 25, 2020. *Id*. at 4–5; Mot. at 5–7. He requested approval to seek employment, but also represented he would submit to house arrest as well. *Id.* at 5. The duty magistrate judge denied the bail review motion. *See* ECF Nos. 63, 65.

On November 20, 2020, Mr. Harris then filed the motion to revoke before this court, to revoke the magistrate judge's continuing detention order. Mot., ECF No. 66. The government opposed. ECF No. 67. As noted, the defense made a supplemental filing as authorized by the court, Supp. Briefing, ECF No. 69.

The supplemental briefing clarified five outstanding questions from the hearing. First, it confirmed Mr. Harris maintains he has no mental health concerns, notwithstanding questions raised in the pretrial services report. Supp. Briefing at 2. Second, it confirmed Mr. Harris is unable to offer any alternative release plan than what he has presented to the court, answering this court's question about whether there is space available for him in a more structured environment. *Id.* Ex. A (explaining homeless status particularly challenging to overcome given scarcity of housing options during coronavirus pandemic). Third, it explains that Mr. Harris would occupy his time by performing work as mandated by the court or any court programming, assisting with

his defense in this and his other outstanding state cases, looking for work if authorized and pursuing lawful hobbies. *Id.* at 2–3. Fourth, it confirms Mr. Harris's agreement that his 2017 conviction was a felony. *Id.* at 3. Lastly, the filing reviews Mr. Harris's outstanding state warrants, of which three are unrelated to this case. *Id.* at 3–4.

## II.   LEGAL STANDARD

A person "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). Under this provision, the district court conducts its own de novo review of the magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The district court "should review the evidence before the magistrate [judge] and make its own independent determination whether the magistrate [judge]'s findings are correct, with no deference." *Id*. at 1193. "[T]he district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate [judge]." *Id.*

Pretrial detention is justified if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must show "that no condition or combination of conditions will reasonably assure the safety of any other person and the community . . . by clear and convincing evidence." 18 U.S.C. § 3142(e)(2). However, "the Government must establish risk of flight by a clear preponderance of the evidence, not by the higher standard of clear and convincing evidence." *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(f)(2)(B)). Because no rebuttable presumption of flight or danger attaches here, 18 U.S.C. § 3142(e), the court applies the multifactor standard outlined by § 3142(g). In so doing, it considers the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the

evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). The history and characteristics of the person include the following: character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* The weight of the evidence has the least force in the court's analysis, in recognition of the presumption of innocence that attaches to defendant at the pretrial stage of a criminal proceeding. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979); 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.").

## III.   DISCUSSION

Having considered the § 3142(g) factors, the court finds the government has not met its burden to justify detention based on flight risk. Mr. Harris has lived most of his life in Northern California, has no passport and has never traveled internationally; he has family ties in California and does not appear to have close relationships with persons elsewhere, or the wherewithal to travel outside the state. While Mr. Harris has multiple failures to appear in state court, it appears that many of these can be explained in ways that do not support a meaningful risk of flight. *See, e.g.,* Supp. Briefing at 3-4.

The government, however, has met its burden of demonstrating by clear and convincing evidence that Mr. Harris poses a danger to the community, and that Mr. Harris has not presented conditions adequate to reasonably ensure the safety of the community if released; therefore, as explained below, his ongoing pretrial detention is justified.

Beginning with the circumstances surrounding the charged offense, as noted above, Mr. Harris is charged with one count of felon in possession of a firearm. The court does not give the charge itself great weight, given the presumption of innocence afforded Mr. Harris; in any event the type of charge is not dispositive of dangerousness. *See, e.g., United States v. Garcia*, No. CR 13-601, 2014 WL 1478902 (N.D. Cal. Apr. 14, 2014) (pretrial release granted to defendant

4

charged with felon in possession of firearm).  However, when considered in tandem with other factors, especially a person's criminal history, other courts have found such a charge can support a finding of dangerousness.  *See, e.g., United States v. Boykins*, No. CR 12-606, 2012 WL 363859 (N.D. Cal. Aug. 22, 2012) (pretrial release denied on dangerousness grounds to indigent defendant charged with felon in possession of firearm who had prior parole violations and burglary, firearms and narcotics offenses).  Here, separate and apart from the charge and without assuming Mr. Harris's guilt, the court takes account of the information in the record of the case by virtue of the evidentiary hearing on the motion to suppress.  During the evidentiary hearing, the government played body and videocam footage of Mr. Harris's interaction with local police on the day he was arrested on the state charges underlying his case here.  The video images documented officers' locating a firearm in a pocket of defendant's jacket after he denied having any weapon.

Moreover, according to a report prepared by the court's Pretrial Services Office,[1] Mr. Harris's criminal history includes a prior felony conviction, in 2006, for being a Prohibited Person Owning Ammunition.  He also has been convicted previously in state court of four other felonies: (1) Possession of a Controlled Substance in 1994; (2) Vehicle Theft in 1995; (3) Evading a Peace Officer in 2002; and (4) False Imprisonment in 2017.   The last of these four priors is the most troubling in terms of dangerousness.  Under California law, felony false imprisonment requires: "(1) a person intentionally and unlawfully restrained, confined, or detained another person, compelling him to stay or go somewhere; (2) that other person did not consent; and (3) the restraint, confinement, or detention was accomplished by violence or menace."  *Turijan v. Holder*, 744 F.3d 617, 621 (9th Cir. 2014) (citing *People v. Fernandez*, 26 Cal. App. 4th 710, 31 Cal. Rptr. 2d 677, 680–81 & n. 4 (1994)); *see* Cal. Pen. Code § 236.  The recency of this conviction, its seriousness and the element of violence required for conviction is strong support for the government's position.

---

[1] The confidential Pretrial Services Report is dated December 23, 2019, and was prepared for the duty magistrate judge.  The court has reviewed that report, as well as the initial summary report dated December 2, 2019 and a supplemental report dated December 7, 2020.

In addition to the felonies listed above, the Pretrial Services Report identifies Mr. Harris's extensive record of misdemeanors, beginning in 1993, with the most recent in 2016, for Carrying a Concealed Dirk or Dagger.  Between 1998 and 2011 he also incurred many revocations of state parole based on violation of conditions.

Taken together, Mr. Harris's criminal history and the nature of his prior convictions satisfies the government's burden of demonstrating "no condition or combination of conditions will reasonably assure the safety of any other person and the community . . . by clear and convincing evidence." 18 U.S.C. § 3142(e)(2).  Other district courts faced with similar records have reached equivalent conclusions. *See United States v. Daniels*, No. CR-10-900, 2010 EL 5422568, at *3 (N.D. Cal. Dec. 28, 2010) (finding dangerousness where defendant charged with felon in possession of firearm with string of firearm-based misdemeanors and felony drug convictions going back five years); *see also United States v. Jeffery*, No. 4-12-70309, 2012 WL 985750, at *2 (N.D. Cal. Mar. 21, 2012) (finding dangerousness where person charged with felon in possession of firearm had nine prior misdemeanor convictions, two non-violent felony weapons charges, and a history of gang membership); *United States v. Waterman*, No. 12-707, 2012 WL 5941616, at *2–3 (N.D. Cal. Nov. 26, 2012) (finding dangerousness where person charged with felon in possession of firearm had incurred two receipt of stolen property felonies, one second degree robbery conviction, a DUI, drug conviction and one use of a fictitious check conviction).

In reaching this conclusion, the court recognizes that Mr. Harris's pretrial detention is likely being extended by virtue of the coronavirus pandemic.  On October 5, 2020, Mr. Harris invoked his right to a speedy trial, and the prosecutor indicated he would be adequately prepared to proceed by November 17, 2020.  ECF No. 57.  At that time, the court set a trial confirmation hearing for October 26, 2020, and a trial date of November 16, 2020.  *Id.*  These dates have now been continued to January 4, 2021 and February 2, 2021, respectively, with Speedy Trial Act time excluded.  ECF No. 59.  The circumstances posed by the pandemic, however, do not alter the law applicable to the court's resolution of Mr. Harris's motion to revoke detention. It is that law the court has endeavored to apply faithfully here.

**IV.    CONCLUSION**

The court finds Mr. Harris poses a danger to the community that cannot be mitigated through conditions of release, based on the record currently before the court.  Mr. Harris's motion to revoke the magistrate judge's order is **denied**.

This order resolves ECF No. 66.

IT IS SO ORDERED.

DATED:  December 30, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE